**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
501 West Broadway, Suite 1760
San Diego, California  92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com

Attorneys for Plaintiffs, KM STRATEGIC MANAGEMENT, LLC and HEMET COMMUNITY MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KM STRATEGIC MANAGEMENT, LLC, a California Limited Liability Company, and HEMET COMMUNITY MEDICAL GROUP, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN CASUALTY COMPANY OF READING, PA, a Pennsylvania Corporation,<br><br>Defendant. | CASE NO.  5:15-cv-1869<br><br>**COMPLAINT FOR BREACH OF CONTRACT (DEFENSE COSTS); BREACH OF CONTRACT (SETTLEMENT COSTS); TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND FOR PUNITIVE DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs KM Strategic Management, LLC ("KM") and Hemet Community Medical Group, Inc. ("HCMG") respectfully allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

///

2.     Plaintiff KM is a limited liability company formed under the laws of the State of California with its principal place of business in California. Its members, Kali P. Chaudhuri, M.D., Michael B. Foutz, and William E. Thomas are citizens of the State of California.

3.     Plaintiff HCMG is an independent provider association and corporation formed under the laws of the State of California with its principal place of business in California.

4.     Defendant American Casualty Company of Reading, PA ("American Casualty") is a corporation organized under the laws of Pennsylvania with its principal place of business in Illinois.

5.     Venue is proper in this District under 28 U.S.C. §1391(b)(1), (c)(2) and (d) in that American Casualty is subject to personal jurisdiction in this District and is therefore deemed to reside here. Venue is also proper under 28 U.S.C. §1391(b)(2) because the contracts of insurance which are the subject of this action were entered into and were to be performed within this District, and the underlying events giving rise to KM and HCMG's claim for coverage occurred within this District.

## GENERAL ALLEGATIONS

### A.   Overview

6.     HCMG is an independent provider association, or "IPA," and holds contracts with most of the major Health Maintenance Organizations ("HMOs"). In order to provide medical services to HMO enrollees, HCMG contracts with primary care physicians. In some cases, HCMG has a direct contract with an individual physician, and in other cases it enters into agreements with professional corporations representing many independent physicians. These professional corporations are sometimes called "Sub-IPAs" because they do not themselves hold health plan contracts and therefore need to contract with an IPA such as HCMG to access health plan contracts.

/ / /

7. To oversee their operations, IPAs and Sub-IPAs typically contract with a professional management company. KM is the management organization in the HCMG network.

8. The genesis of this lawsuit is American Casualty's refusal to defend underlying lawsuits filed by Sub-IPAs against KM, HCMG and individual insureds, which underlying lawsuits are described in Section C, below.

**B. American Casualty Issued Policies Insuring KM and HCMG Against Lawsuits Seeking Damages For Injury Arising From Defamatory Publications**

9. American Casualty issued two consecutive liability insurance policies to KM and HCMG (the "Policies"). The first had a policy period of October 30, 2010 to October 30, 2011. The second had a policy period of October 30, 2011 to October 30, 2012. Both Policies bore policy no. B 2026696651.

10. Both Policies identified KM as being the "Named Insured" and HCMG as being an "Additional Named Insured." Both also extended coverage to KM's members and managers and to HCMG's executive officers, directors and employees.

11. Both Policies obligated American Casualty to defend and indemnify against third-party lawsuits filed against KM, HCMG, or any individual insureds, seeking damages because of "personal and advertising injury." The phrase "personal and advertising injury" was defined by both Policies to include injury arising out of "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization . . . ."

12. Both Policies' limit of liability for "personal and advertising injury" sustained by any one person or organization is $1 million, with defense costs to be paid in addition to this limit.

/ / /

/ / /

/ / /

COMPLAINT
3
5:15-cv-1869

C.  **Two Lawsuits Are Filed By Sub-IPAs Accusing KM and HCMG Of Making Defamatory Statements**

   1.  *Prime Partners v. Chaudhuri*

   13.  In late 2011, two lawsuits were filed that triggered American Casualty's duty to defend under the Policies. The first of these lawsuits was filed in the Riverside County Superior Court, entitled *Prime Partners IPA of Temecula, Inc., et al. v. Kali P. Chaudhuri, et al.*, and assigned Case No. RIC 1117545 ("*Prime Partners v. Chaudhuri*"). This lawsuit was brought by Prime Partners IPA of Temecula, Inc. ("Prime Partners") and Meadowview IPA Medical Group, Inc., two Sub-IPAs in the HCMG network. The complaint named KM and HCMG as defendants as well as Kali P. Chaudhuri, M.D., Michael Foutz and William Thomas.

   14.  The *Prime Partners v. Chaudhuri* complaint made extensive allegations of mismanagement in relation to HCMG's and KM's business dealings with Prime Partners and Meadowview over many years. The complaint also contained allegations concerning the publication by HCMG and KM of false statements to third parties that caused injury to Prime Partners in its business. One such allegation concerned HCMG's and KM's efforts to recruit physicians from Prime Partners. It was alleged that:

   > HCMG and KM have seized on their financial manipulation of Prime Partners by <u>publishing</u> to the provider community that Prime Partners is in financial distress, while at the same time using this <u>falsity</u> as a tool to recruit Prime Partners' physicians to contract directly with HCMG. (Underscore added).

   15.  Other such allegations concerned the publication by HCMG of false statements that Prime Partners was bound to it by contract, and therefore prohibited from contracting with other IPAs. Specifically, it was alleged that when HCMG discovered that Prime Partners was seeking to discontinue their business relationship, its attorneys sent threatening letters to the prospective new IPAs with whom Prime Partners

was negotiating. The complaint alleged that these letters sent by HCMG's attorneys demanded that the prospective IPAs cease negotiations with Prime Partners. The complaint further alleged that HCMG's attorneys were instructed to use a forged provider services agreement between Prime Partners and HCMG as the basis for the demand.

16. The allegations described above exposed HCMG, KM and the individual defendants to potential liability for injury covered by American Casualty's policy, namely injury arising out of "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization . . . ."

### 2. The *Odubela* Lawsuit

17. A second lawsuit was also filed in the Riverside County Superior Court entitled *Odubela, M.D., Inc., et al. v. Anita Jackson, M.D., et al.*, and assigned Case No. RIC 1119297 ("*Odubela v. Jackson*"). This lawsuit was also brought by Prime Partners, along with a corporation owned and operated by one of Prime Partners' doctors named Abayomi Odubela, M.D. The complaint named KM as a defendant as well as several of KM's officers, directors and employees.

18. *Odubela v. Jackson* concerned a physician, Anita Jackson, M.D., who worked for Prime Partners. The complaint alleged, *inter alia*, that in early November 2011, Dr. Jackson was contacted by two physicians, Drs. Michael Vargas and Donald Lee, who attempted to persuade her to terminate her contract with Prime Partners and initiate a relationship with another entity that was primarily controlled by KM. Drs. Vargas and Lee were expressly alleged to have been at all times acting as "agents" of KM and the other defendants.

19. The complaint alleged that Prime Partners had issued "cease and desist" letters to Dr. Vargas and Dr. Lee. Copies of these "cease and desist" letters were attached to the complaint as Exhibits A and B. In one of these letters, dated November 9, 2011, Prime Partners' attorney alleged that Dr. Lee had been "repeatedly harassing" Dr. Jackson and two other physicians in an effort to convince them to leave Prime

Partners in favor of another IPA owned by Dr. Chaudhuri.  The letter expressly stated the following:

> You have made false representations, and frankly, <u>defamatory remarks</u> concerning PPIPA [i.e., Prime Partners] and its shareholders, as well as <u>outright false statements</u> regarding PPIPA's transition from Hemet Community Medical Group and its potential impact on PPIPA providers' practices. (Underscore added).

20. These allegations in *Odubela v. Jackson* exposed KM as well as the individual defendants to potential liability for injury covered by American Casualty's policy, namely injury arising out of "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization . . . ."

**D. American Casualty Wrongfully Denied A Duty to Defend *Prime Partners v. Chaudhuri* and *Odubela v. Jackson***

21. KM and HCMG tendered the defense of *Prime Partners v. Chaudhuri* to American Casualty. KM tendered to American Casualty the defense of *Odubela v. Jackson*. American Casualty responded to the tenders by wrongfully denying that it owed any duty to defend, leaving KM and HCMG to mount and fund their own defense as well as the defense of individual defendants. KM and HCMG have suffered damages in the form of defense and settlement costs in amounts to be proven at trial.

**FIRST CLAIM FOR RELIEF**

**Breach of Contract (Defense Costs in *Prime Partners v. Chaudhuri*)**

(By KM and HCMG against American Casualty)

22. KM and HCMG incorporate and re-allege paragraphs 1 through 21 as though fully set forth herein.

23. KM and HCMG performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Policies.

24. American Casualty breached the terms of the Policies by wrongfully denying insurance benefits to KM and HCMG, which benefits are now due and payable in respect of all amounts reasonably incurred by KM and HCMG in the defense of *Prime Partners v. Chaudhuri*.

25. As a direct and proximate result of the above-mentioned breaches of contract by American Casualty, KM and HCMG have been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

## SECOND CLAIM FOR RELIEF
## Tortious Breach Of The Implied Covenant
## Of Good Faith And Fair Dealing (*Prime Partners v. Chaudhuri*)

(By KM and HCMG against American Casualty)

26. KM and HCMG incorporate and re-allege paragraphs 1 through 21, and 23 through 25 as though fully set forth herein.

27. A relationship of trust and confidence was established between American Casualty on the one hand, and KM and HCMG on the other hand, by virtue of KM and HCMG's status as insureds under the Policies. American Casualty had a duty to deal fairly and in good faith with KM and HCMG in all matters between them.

28. KM and HCMG are informed and believe and on that basis allege that, in connection with *Prime Partners v. Chaudhuri*, American Casualty breached its duty of good faith and fair dealing when, among other things, it did the following:

    a.    Wrongfully and unreasonably denied a duty to defend in conscious disregard of California insurance law and KM and HCMG's rights;

    b.    Failed to undertake any meaningful investigation of KM and HCMG's defense tender;

    c.    Failed to defend KM, HCMG and the individual insureds immediately upon learning facts which gave rise to a potential for covered liability under the Policies;

      d.      Failed to give at least as much consideration to the welfare of KM and HCMG as it did to its own interests; and

      e.      Ignored California law in evaluating its defense obligation.

29. As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, KM and HCMG have been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

30. KM and HCMG are informed and believe and on that basis allege that American Casualty denied insurance benefits to KM and HCMG despite knowing facts which clearly and unambiguously demonstrated that it owed KM, HCMG and the individual insureds a defense in *Prime Partners v. Chaudhuri*. Despite this knowledge, however, American Casualty made a calculated decision to wrongfully deny KM and HCMG's claim for a defense and gamble that its denial would go unchallenged. American Casualty intentionally denied KM and HCMG's insurance claim despite knowledge of its coverage obligations and acted with an intent to enrich itself while injuring and harming KM and HCMG. American Casualty's conduct in this matter satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

## THIRD CLAIM FOR RELIEF

**Breach of Contract (Defense Costs in *Odubela v. Jackson*)**

(By KM against American Casualty)

31. KM incorporates and re-allege paragraphs 1 through 21 as though fully set forth herein.

32. KM performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policies.

///

33. American Casualty breached the terms of the Policies by wrongfully denying insurance benefits to KM, which benefits are now due and payable in respect of all amounts reasonably incurred by KM in the defense of *Odubela v. Jackson*.

34. As a direct and proximate result of the above-mentioned breaches of contract by American Casualty, KM has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

## FOURTH CLAIM FOR RELIEF

### Breach of Contract (Settlement Costs in *Odubela v. Jackson*)

(By KM against American Casualty)

35. KM incorporates and re-allege paragraphs 1 through 21 and 32 through 34 as though fully set forth herein.

36. KM performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policies.

37. American Casualty breached the terms of the Policies by wrongfully denying insurance benefits to KM, which benefits are now due and payable in respect of all amounts incurred by KM to settle *Odubela v. Jackson*.

38. As a direct and proximate result of the above-mentioned breaches of contract by American Casualty, KM has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

## FIFTH CLAIM FOR RELIEF

### Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing (*Odubela v. Jackson*)

(By KM against American Casualty)

39. KM incorporates and re-alleges paragraphs 1 through 21, 32 through 34, and 36 through 38 as though fully set forth herein.

40. A relationship of trust and confidence was established between American Casualty on the one hand, and KM on the other hand, by virtue of KM's status as an

///

9
5:15-cv-1869

insured under the Policies. American Casualty had a duty to deal fairly and in good faith with KM in all matters between them.

41. KM is informed and believes and on that basis alleges that American Casualty breached its duty of good faith and fair dealing when, among other things, it did the following:

    a. Wrongfully and unreasonably denied a duty to defend in conscious disregard of California insurance law and KM's rights;

    b. Failed to undertake any meaningful investigation of KM's defense tender;

    c. Failed to defend KM and the individual insureds immediately upon learning facts from *Odubela v. Jackson*, as well as having access to extrinsic facts such as the allegation in *Prime Partners v. Chaudhuri*, which clearly gave rise to a potential for covered liability under the Policies;

    d. Failed to give at least as much consideration to the welfare of KM as it did to its own interests; and

    e. Ignored California law in evaluating its defense obligation.

42. As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, KM has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

43. KM is informed and believes and on that basis alleges that American Casualty denied insurance benefits to KM despite knowing facts which clearly and unambiguously demonstrated that it owed KM and the individual insureds a defense in *Odubela v. Jackson*. Despite this knowledge, however, American Casualty made a calculated decision to wrongfully deny KM's claim for a defense and gamble that its

denial would go unchallenged. American Casualty intentionally denied KM's insurance claim despite knowledge of its coverage obligations and acted with an intent to enrich itself while injuring and harming KM. American Casualty's conduct in this matter satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

**WHEREFORE**, KM and HCMG pray for judgment against American Casualty as follows:

1. For damages sustained as a result of the breaches and tortious breaches of contract alleged herein, according to proof;

2. For attorney's fees including, but not limited to, an award of fees and costs pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

3. For punitive damages pursuant to California Civil Code section 3294; and

4. For prejudgment interest, costs and expenses of suit, and such other and further relief as the Court deems just and proper.

DATED: September 11, 2015                    OSBORNE & NESBITT LLP


By: /s/Gary W. Osborne
Gary W. Osborne
Attorney for Plaintiffs KM STRATEGIC MANAGEMENT, LLC and HEMET COMMUNITY MEDICAL GROUP, INC.
Email: gosborne@onlawllp.com

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs HCMG and KM hereby demand a jury trial on all issues so triable.

DATED: September 11, 2015          OSBORNE & NESBITT LLP

By: /s/Gary W. Osborne
Gary W. Osborne
Attorney for Plaintiffs KM STRATEGIC MANAGEMENT, LLC and HEMET COMMUNITY MEDICAL GROUP, INC.
Email: gosborne@onlawllp.com