UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-1869-CAS (KKx)** | Date: | May 11, 2016 |
| Title: | ***KM Strategic Management, LLC, et al. v. American Casualty Company of Reading, PA*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order re: Stipulated Protective Order [Dkt. 29]


The parties' proposed Stipulation and Protective Order has been referred by the District Judge to the Magistrate Judge for consideration.  The parties are advised that the Court declines to issue the proposed protective order to which they have stipulated for the following reasons:

   1.   While the Court is willing to enter a protective order in accordance with the parties' stipulation in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings.  Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.   The stipulation should, thus, include language to make this explicit.

   2.   The parties shall include a statement of good cause, as required by Fed. R. Civ. P. 26(c).  Such showing should be made separate from the parties' stipulation regarding the terms of the proposed protective order.

   3.   Proposed ¶ 6.1 must be revised to make clear that any challenges to a designation of confidentiality may be made at any time *that is consistent with the Court's Scheduling Order*.

     4.     Proposed ¶ 6 must be revised make clear that any motion challenging a party's designation of material as Confidential Information must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

     5.     Proposed ¶ 7.2 must be revised to make clear that the terms of the Protective Order do not apply to the Court and court personnel, including the Court's court reporters, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.  Nor should the terms of the Protective Order prohibit disclosure to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

     6.     Proposed ¶¶ 1 and 12.3 need to be revised to make clear a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  The Court notes Local Rule 79 was revised effective December 1, 2015.  The Court directs the parties to review the revised rules.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

     7.     The signature block for the judge in a proposed Order needs to be changed to the signature block for the Magistrate Judge.

     The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order. The parties are strongly encouraged to use the language contained in the approved stipulated protective order.

cc:     District Judge Christina A. Snyder