UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gary Osborne | Steven Crane |

| Proceedings: | PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE MEASURE OF DAMAGES FOR BREACH OF THE DUTY TO DEFEND (Dkt. 34, filed June 20, 2016) |
|---|---|

## I.   INTRODUCTION & BACKGROUND

On September 11, 2015, plaintiffs KM Strategic Management, LLC ("KM") and Hemet Community Medical Group, Inc. ("HCMG") (collectively, "plaintiffs") filed the instant action against defendant-insurer American Casualty Company of Reading, PA ("American Casualty"). See Dkt. 1 (Complaint). Plaintiffs' complaint asserts five claims stemming from American Casualty's denial of its duty to defend plaintiffs in two separate lawsuits, Prime Partners IPA of Temecula, Inc., et al. v. Kali P. Chaudhuri, et al., R.C.S.C., Case No. RIC 1117545 ("the Prime Partners Action"), and Odubela, MD., Inc., et al. v. Anita Jackson, MD., et al., R.C.S.C., Case No. RIC 1119297 ("the Odubela Action"). Specifically, in relation to defendant's denial of a defense in the Prime Partners Action, plaintiffs assert claim one for breach of contract (defense costs) and claim two for tortious breach of the implied covenant of good faith and fair dealing; in relation to defendant's denial of a defense in the Odubela Action, plaintiffs assert claim three for breach of contract (defense costs), claim four for breach of contract (settlement costs), and claim five for tortious breach of the implied covenant of good faith and fair dealing. Complaint ¶¶ 22-43.

On November 18, 2015, plaintiffs filed a motion for partial summary judgment in connection with their first and third claims for, respectively, "Breach of Contract (Defense Costs in Prime Partners v. Chaudhuri)" and "Breach of Contract (Defense Costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

in Odubela v. Jackson)." On December 21, 2015, this Court issued an order granting plaintiffs' motion for partial summary judgment regarding American Casualty's duty to defend, stating, in relevant part, as follows:

> [U]pon receiving plaintiffs' tender in both the Prime Partners and Odubela actions, American Casualty was put on notice of potential injury covered by the policies and was obligated to provide an immediate defense at that time, rather than leaving plaintiffs to finance their own litigation defense. Indeed, insured parties, like plaintiffs KM and HCMG, "obtain[] liability insurance in substantial part in order to be protected against the trauma and financial hardship of litigation. If the courts did not impose an immediate defense obligation upon a showing of a 'potential for coverage,' thereby relieving the insured from the burden of financing his own defense and then having to sue the insurer for reimbursement, the premiums paid by the insured would purchase nothing more than a lawsuit." Haskel, Inc. v. Superior Court, 33 Cal. App. 4th 963, 979 n.14, as modified (Apr. 25, 1995) (citation omitted). In wrongfully denying its duty to defend the underlying suits, American Casualty therefore breached its duty to defend plaintiffs in accordance with the insurer's obligations under the policies.

Dkt. 16, at 18.

On June 20, 2016, plaintiffs filed the instant motion for partial summary judgment regarding the measure of damages for breach of the duty to defend. Dkt. 34-1 ("Motion"). In the motion, plaintiffs assert that, "[a]s discussed at the recent status conference in this action, the early resolution of this legal issue will help shape discovery and trial, and may also facilitate future attempts to settle this action." Id. at 3. On July 1, 2016, defendant-insurer American Casualty filed an opposition to the instant motion. Dkt. 36 ("Opp'n"). On July 11, 2016, plaintiffs filed a reply to defendant's opposition. Dkt. 40 ("Reply"). On July 25, 2016, the Court provided the parties with a tentiatve order and held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

## III. DISCUSSION

In the instant motion, plaintiffs KM and HCMG move for partial summary judgment on the issue of the measure of damages that defendant-insurer American Casualty is required by law to pay for breaching its duty to defend its insureds against the underlying actions at issue in this case. Plaintiffs argue that American Casualty is required to pay as damages all reasonable fees and costs that plaintiffs incurred to defend against the underlying Prime Partners and Odubela Actions.

Specifically, plaintiffs contend that if American Casualty had timely performed its duty to defend, it would have been obligated to provide the insureds with a complete defense of the underlying actions, including a defense of those claims for which there was no potential for coverage under the policy. Motion at 5. Accordingly, plaintiffs assert that because American Casualty breached its duty to defend, it must now pay as damages what it wrongfully failed to provide upon receiving tender of a defense—i.e., the cost of a *complete* defense, including any reasonable fees and costs related to the defense of claims that were not even potentially covered by the American Casualty policy. Id. In opposition to the instant motion, American Casualty contends that plaintiffs are wrongfully attempting to deprive them of the "opportunity to make a showing that an allocation can be made to non-covered claims and, moreover, that the vast majority of [plaintiffs'] defense costs and fees [incurred in relation to the Prime Partners and Odubela Actions] were expended in defense of the non-covered claims."[1] Opp'n at 6.

For reasons explained in the discussion that follows, the Court concludes that, having breached its duty to defend, American Casualty is required, as a matter of law, to pay as damages all reasonable and necessary fees and costs that plaintiffs incurred to defend against the underlying Prime Partners and Odubela Actions, including any reasonable and necessary fees and costs related to the defense of claims that were not even potentially covered by the American Casualty policies.

---

[1] American Casualty asserts that its expert has preliminarily reviewed the defense invoices and material from the underlying actions and determined that an allocation is possible here—specifically, the expert avers that more than 95% of the defense costs plaintiffs are seeking were related to the defense of non-covered claims. See Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

    **A.    American Casualty had a Duty to Defend the "Mixed" Actions in their Entirety**

    Both of the underlying actions that are the subject on the instant suit were "mixed" actions, meaning that some of the claims asserted against KM and HCMG were potentially covered by the American Casualty insurance policies, while other claims were not even potentially covered. In such instances, the California Supreme Court has made clear that an insurer has a duty, "imposed by law in support of the [insurance] policy," to "defend the *entire* 'mixed' action prophylactically."[2] Buss v. Superior Court, 16 Cal. 4th 35, 48-49 (1997) (emphasis added). As the Court explained in Buss v. Superior Court,

> To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not. To do so would be time consuming. It might also be futile: The "plasticity of modern pleading" allows the transformation of claims that are at least potentially covered into claims that are not, and vice versa.

Id. at 49 (internal citations omitted).

---

    [2] The Court clarified, however, that although it "can, and do[es], justify the insurer's duty to defend the entire 'mixed' action *prophylactically*, as an obligation imposed *by law* in support of the policy," it

> cannot justify the insurer's duty to defend the entire "mixed" action *contractually*, as an obligation arising out of *the policy* [itself] . . . . To purport to make such a justification would be to hold what we cannot—that the duty to defend exists, as it were, in the air, without regard to whether or not the claims are at least potentially covered.

Buss, 16 Cal. 4th at 48-49 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

Here, therefore, upon receiving plaintiffs' tender of a defense, American Casualty was obligated to provide plaintiffs with a *complete* defense of all claims, including those claims that were not even potentially covered. See id. Having failed to do so, American Casualty is liable for damages for having breached its duty to defend.

**B.     Damages for Breach of the Duty to Defend are Generally Calculated as All Reasonable and Necessary Fees and Costs Expended in Defending the Underlying Action**

Under California law, where an insurer like American Casualty has been found liable for breach of its duty to defend an insured, "[t]he general measure of damages . . ., *even if it is ultimately determined there is no coverage under the policy*, are the costs and attorney fees expended by the insured defending the underlying action." Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp., 130 Cal. App. 4th 1078, 1088-89 (2005) (emphasis added); Hon. H. Walter Croskey, et al., California Practice Guide: Insurance Litigation § 7:691.15 (Rutter Group 2015) ("The insured may recover its defense costs, including attorney fees allocable to the defense of noncovered claims (because the insurer's duty to defend extends to all claims if any claim is potentially covered [citation]) . . . unless the insurer can prove such fees were unreasonable or unnecessary."); Amato v. Mercury Casualty Co., 18 Cal. App. 4th 1784, 1794 (1993) ("[T]he proper measure of damages is that amount which will compensate the insured for the harm or loss caused by the breach of the duty to defend, i.e., the cost incurred in defense of the underlying suit."); Marie Y. v. General Star Indem. Co., 110 Cal. App. 4th 928, 960-61 (2003) (where an insurer breaches its duty to defend, and its insured itself retains counsel to conduct its own defense, "the proper measure of damages is the reasonable attorneys' fees and costs incurred by the insured in defense of the claim.").

In other words, "[b]y refusing to provide a defense, the insurer becomes liable for defense costs incurred by the insured allocable to claims *not even potentially* covered under the policy." Croskey, California Practice Guide: Insurance Litigation at § 12:652 (emphasis in original); see also 1-7 New Appleman on Insurance Law Library Edition § 7.06, n. 365 ("Based on [the Buss] rationale, in California, at least, the policyholder's recovery where the insurer does not defend should include reasonable and necessary fees and expenses to defend against claims within the underlying suit that are not potentially covered.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

In opposition to the instant motion, American Casualty nonetheless contends that it "can and should have the opportunity to prove that the overwhelming majority of defense costs were incurred to defend against claims that are not covered." Opp'n at 2. According to American Casualty, courts in California have "long confirmed" that even where there has been a breach of the duty to defend, an insurer has a "right to present evidence supporting an allocation of specific defense expenses between defense of claims that are covered and defense of claims that are not covered." Id. at 4. American Casualty avers that such cases "acknowledge that in most instances it will be a difficult task, but they explicitly allow room for the insurer to make that showing." Id.

In support of this assertion, American Casualty cites to the California Court of Appeal's decision in State v. Pacific Indemnity Company, 63 Cal. App. 4th 1535 (1998). The defendant-insurer in that case had at first wrongfully denied the insured a defense, but subsequently "concede[d] it erred in refusing to defend" ongoing litigation. Id. at 1540; see also id. at 1545 (noting that on appeal the insurer conceded its duty to defend but argued for apportionment of past and future defense costs). The court noted that because at least some of the claims in the insured's underlying action were potentially covered by the insurance policy, the insurer's (1) "*contractual* duty" to defend these *potentially-covered* claims had been triggered, and the insurer's additional (2) "prophylactic duty required [the insurer] to defend *the entire action*, even if not all claims were potentially covered." Id. at 1548 (emphasis added).

Relying on the California Supreme Court's decision in Buss, the Pacific Indemnity court further explained that an insurer who accepts a defense is entitled to seek reimbursement from its insured for defense costs allocable to a non-potentially covered claim. Crucially, however, the court noted that an insurer who does so "must preserve its right to seek reimbursement by undertaking defense of its insured *upon an express reservation of rights*, a reservation the insurer may unilaterally impose." Id. at 1547

Case 5:15-cv-01869-CAS-KK Document 42 Filed 07/25/16 Page 8 of 14 Page ID #:1478

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

(emphasis added) (citing <u>Buss</u>, 16 Cal. 4th at 61 n.27).³ According to the court, defendant-insurer Pacific Indemnity

> [was] not entitled to compensation from its insured based on a theory that claims are not even potentially covered. [The California Supreme Court's decision in] <u>Buss</u> was premised on a " 'defend now seek reimbursement later' " theory. [Citation.] ***By repudiating its duty to defend and providing no defense, Pacific Indemnity has nothing from which to seek reimbursement***. <u>Buss</u> does not support Pacific Indemnity's theory that the [insured] should contribute to attorney's fees. To the contrary, it unequivocally holds that the insurer's duty is to defend the action in its entirety.

---

³ In <u>Buss</u>, the California Supreme Court explained the significance of accepting a tender of defense, subject to a reservation of rights:

> We note that the Court of Appeal assumed that, in order to obtain reimbursement for defense costs, the insurer *must* reserve its right thereto. To the extent that this right is implied in law as quasi-contractual, it must indeed be reserved. Through reservation, the insurer gives the insured notice of how it will, or at least may, proceed and thereby provides it an opportunity to take any steps that it may deem reasonable or necessary in response-including whether to accept defense at the insurer's hands and under the insurer's control or, instead, to defend itself as it chooses. To the extent that this right is implied in fact in the policy as contractual, it *should* be reserved. Through reservation, the insurer avoids waiver. Here, [insurer] Transamerica reserved all its rights, contractual and otherwise.

<u>Buss</u>, 16 Cal. 4th at 61 n.27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

Pac. Indem. Co., 63 Cal. App. 4th at 1549-50 (citation omitted).

On the other hand, regarding the fees that Pacific Indemnity would pay *going forward* after undertaking its duty to defend, the Court of Appeal acknowledged that Pacific Indemnity may have reimbursement rights:

> If Pacific Indemnity, *after providing an entire defense*, can prove that a claim was "not even potentially covered because it did not even possibly embrace any triggering harm of the specified sort within its policy period or periods caused by an included occurrence," it should have that opportunity. [Citation.] This task " 'if ever feasible,' may be 'extremely difficult.' " [Citation.]

Id. at 1550 (emphasis in original) (citation omitted).

Therefore, contrary to American Casualty's assertion here, Pacific Indemnity does *not* stand for the proposition that a *breaching* insurer who has failed to provide any defense whatsoever (and therefore has failed to reserve its right to reimbursement, contractual or otherwise) remains "entitled . . . to make a showing that an allocation can be made to non-covered claims . . . ." Opp'n at 6. Rather, as a leading treatise on California insurance litigation aptly explained, Pacific Indemnity stands for the following, more limited proposition: "If, after wrongfully refusing to defend, the insurer changes its mind and provides a complete defense on a reservation of rights basis, it may thereafter recover from the insured its defense expenses solely allocable to claims on which there was no potential for coverage." Croskey, et al., California Practice Guide: Insurance Litigation at § 7:691.27 (citing Pac. Indem. Co., 63 Cal. App. 4th at 1550). Thus, while an insurer

> defending on a reservation of rights basis is normally entitled to reimbursement from the insured for costs incurred in defending claims *not even potentially* covered under its policy[,] . . . ***[n]o such allocation is allowed, however, where the insurer wrongly refuses to defend the entire action.*** This is one of the risks insurers run in breaching their duty to defend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

See id. (second emphasis added). At least two federal district courts applying California law have reached the same conclusion.

Specifically, in Electronics for Imaging Inc. v. Atlantic Mutual Insurance Company, No. C 06-3947, 2007 WL 1430032, at *1 (N.D. Cal. May 14, 2007) (Breyer, J.), the court held that an insurer "cannot seek reimbursement . . . if it breached its obligation to provide a defense in the first place," as "there is nothing to reimburse since the insurer paid nothing." To find otherwise, the court explained, "would give an insurer a disincentive to provide a defense; regardless of whether the insurer provides a defense, the insurer would not be liable for those costs that it proves were incurred solely in defense of non-covered claims." Id. at *2. The court further found it "unsurprising" that the defendant-insurer in that case—like American Casualty here—"does not cite a single case that allows for such a 'deduction' in damages where the insurer refused to provide a defense at all." Id. (granting plaintiff's motion for partial summary judgment and holding that because the defendant-insurer "did not provide plaintiff with a defense, defendant is liable for plaintiff's costs and fees incurred in defending the underlying action, including those fees and costs incurred in defending claims that are not even potentially covered").

Similarly, in Thane International, Incorporated v. Hartford Fire Insurance Company, No. CV-61244, 2009 WL 453106, at *6 (C.D. Cal. Feb. 19, 2009) (Phillips, J.), the court rejected the defendant-insurer's contention that it was entitled to "reimbursement" for expenses incurred in connection with the defense of, and settlement payment for, non-covered claims:

> Defendants breached their duty to defend their insured, and thus did not incur any expenses in defending the covered (and uncovered) claims in the . . . cross-complaint in the underlying lawsuit. Hence, there is no basis on which they could seek "reimbursement": unlike the insurers in the authorities which they rely upon, they did not expend any funds but rather, their breach of contract forced their insured to do so and to seek reimbursement through the means of this action.

Id. (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

American Casualty's various arguments in opposition to the instant motion do not inform a different result.

First, American Casualty argues that the California Supreme Court has "long confirmed" that even a breaching insurer has the right to present evidence supporting an allocation of expenses between defense of claims that are covered and defense of claims that are not covered. In support of this assertion, American Casualty cites to a specific passage in Hogan v. Midland National Insurance Company, 3 Cal. 3d 553, 564 (1970) (in bank), which—in American Casualty's view—establishes that a breaching insurer may not be liable for the total amount of the defense costs if it is able to produce "undeniable evidence" that it is not liable for such fees:

> [A]ny precise allocation of expenses in this context would be extremely difficult and, if ever feasible, could be made only if the insurer produces *undeniable evidence* of the allocability of specific expenses; the insurer having breached its contract to defend should be charged with a heavy burden of proof of even partial freedom from liability for harm to the insured which ostensibly flowed from the breach.

Id. (emphasis added).

American Casualty's reliance upon such language is misplaced. In Buss, the California Supreme Court expressly considered Hogan's "undeniable evidence" language in its full context and concluded that "it is dictum and not holding," since all of the alleged claims in the underlying action in that case were at least potentially covered, such that the insurer was undoubtedly responsible to pay for the entire defense. Buss, 16 Cal. 4th at 56. Indeed, the Court in Hogan itself acknowledged that "cases which have considered apportionment of attorneys' fees upon the wrongful refusal of an insurer to defend an action against its insured *generally have held that the insurer is liable for the total amount of the fees* despite the fact that some of the damages recovered in the action against the insured were outside the coverage of the policy." Hogan, 3 Cal. 3d at 564 (collecting cases). In light of the California Supreme Court's more recent statement of the law in Buss and the Court of Appeal's reading of Buss in Pacific Indemnity, the Court here concludes that, in spite of the dictum in Hogan, a breaching insurer who wrongfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

denies its duty to defend is liable for all reasonable and necessary fees and costs expended in defending against the underlying action, including those claims for which there was no potential for coverage under the express terms of the contract.[4]

      Similarly, although American Casualty suggests that the federal district court in Thane acknowledged that a breaching insurer has a "right" to offset damages for defense costs by the amount incurred in defending non-covered claims, Opp'n at 8, the Court articulated no such "right." After holding that the breaching insurer in that case had "no basis" to seek reimbursement, the Court merely noted that "*even if*" the insurer were entitled to reimbursement in the form of an allocation, it had failed to meet its burden of proof. Id. at * 6 (emphasis added). As plaintiffs aptly state in their reply, the court was merely driving a final nail in the coffin of the insurer's allocation argument rather than acknowledging any "right" to offset. See Reply at 6 n.3.

---

    [4] American Casualty also references the Ninth Circuit's 2005 unpublished decision in Peterson Tractor Co. v. Travelers Indemn. Co., 156 Fed. App'x. 21 (9th Cir. 2005) (unpublished table decision) for the proposition that an insurer "ha[s] the right and opportunity to present evidence that costs fell outside of the coverage of the policy," Opp'n at 6, and that an insurer was not foreclosed from trying to make that allocation, even where there was a wrongful refusal to defend. First, "this citation to pre-2007 unpublished authority violates [the Ninth Circuit's] rules, and [the Court here] need not consider it." Garity v. APWU Nat'l Labor Org., --- F.3d ---, No. 13-15195, 2016 WL 3607049, at *6 (9th Cir. July 5, 2016) (citing 9th Cir. R. 36-3(c)); cf. Gwaduri v. I.N.S., 362 F.3d 1144, 1148 n.2 (9th Cir. 2004) (citing Alex Kozinski & Stephen Reinhardt, "Please Don't Cite This! Why We Don't Allow Citation to Unpublished Opinions," Cal. Lawyer, June 2000, at 43-44, 81)). Second, as plaintiffs rightly note, it is not clear that Peterson even addressed the allocability of defense expenses, as the court vaguely referred to the insurer producing " 'undeniable evidence' that it is not liable for all of the attorney's fees." Peterson Tractor, 156 Fed. App'x. at 23. It is possible that such "undeniable evidence" involved other grounds for non-liability, such as the fact that the attorneys' fees claimed by the insured were "unreasonable" or had been incurred solely in prosecuting affirmative claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

Accordingly, the Court here concludes that, having breached its duty to defend, American Casualty is required, as a matter of law, to pay as damages all reasonable and necessary fees and costs that plaintiffs incurred to defend against the underlying Prime Partners and Odubela Actions, including any fees and costs related to the defense of claims for which there was not even a potential for coverage.[5]

---

[5] In its opposition, American Casualty asserts that plaintiffs' proposed order is, at the least, overbroad, in that plaintiffs seek "reasonable" fees and costs incurred in their defense, rather than those fees and costs there were both "reasonable and necessary" to their defense. Opp'n at 10. With this in mind, American Casualty argues that, at minimum, it should have the opportunity present evidence that certain defense expenses—for example, fees incurred in plaintiffs' pursuit of cross-actions in the underlying actions—were "unnecessary" to the defense of any claims and should therefore not be paid as damages for breach of the duty to defend. Id. Similarly, American Casualty argues that it should be able to demonstrate that any duty to defend terminated prior to conclusion of the underlying actions. Id.

As plaintiffs rightly note, courts have described the damages recoverable from a breaching insurer in different ways, with some describing the proper measure as being those "reasonable" fees and costs incurred by the insured, while others have indicated that the insurer has the right to prove that certain fees were "unreasonable and unnecessary." Compare Marie Y., 110 Cal. App. 4th at 960-961 ("[T]he proper measure of damages is the *reasonable* attorneys' fees and costs incurred by the insured in defense of the claim.") (emphasis added), with Cassady v. Morgan, Lewis & Bockius LLP, 145 Cal. App. 4th 220, 236 (2006) ("When an insurer refuses to defend an action in which a potential for coverage exists, the insured may recover defense costs, including attorney's fees allocable to the defense of noncovered claims, *unless the insurer can prove they were unreasonable or unnecessary*.") (emphasis added); cf. Aerojet-General Corp. v. Transport Indemn. Co., 17 Cal. 4th 38, 64 (1997) (an insurer that has breached its duty to defend "must carry the burden of proof that [defense costs] are in fact unreasonable or unnecessary.").

Here, therefore, the Court's ruling does not preclude American Casualty from attempting to demonstrate that certain fees and costs incurred by plaintiffs were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01869-CAS(KKx) | Date | July 25, 2016 |
| Title | KM STRATEGIC MANAGEMENT, LLC ET AL. V. AMERICAN CASUALTY COMPANY OF READING, PA | | |

### IV. CONCLUSION

In accordance with the foregoing, plaintiffs' motion for partial summary judgment is hereby **GRANTED** on the ground that American Casualty, having breached its duty to defend, is required, as a matter of law, to pay as damages all reasonable and necessary fees and costs that plaintiffs incurred to defend against the underlying Prime Partners and Odubela Actions, including any fees and costs related to the defense of claims for which there was not even a potential for coverage.[6]

IT IS SO ORDERED.

|  |  | 00 | : | 16 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

"unreasonable or unnecessary."

[6] At oral argument on the instant motion, the parties discussed the possibility of American Casualty later seeking equitable reimbursement for certain fees and costs that it pays as damages for its breach of the duty to defend. The Court notes that its ruling here does not preclude American Casualty from later attempting to seek reimbursement for those fees and costs to which it believes it is entitled. The Court expresses no view, however, on the merits of any such effort or its likelihood of success.